**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Criminal Case No.  20-cr-00090-REB

UNITED STATES OF AMERICA,

        Plaintiff,

v.

HUGUES BELLEVUE II,

        Defendant.

---

**ORDER EXCLUDING TIME UNDER THE SPEEDY TRIAL ACT
(18 U.S.C. § 3161(h)(7)(A))**

---

**Blackburn, J.**

        The matter is before me for consideration and resolution of **Defendant's**

**Unopposed Motion To Vacate the Trial Date And All Current Deadlines, And**

**Exclude 90 Days from the Speedy Trial Act's Computations** [#14][1] filed April 6,

2020. Quintessentially, the defendant seeks to exclude time under the Speedy Trial Act

of 1974, 18 U.S.C. §§ 3161-74 (the Act).[2] Based on the analysis below, I exclude for

now approximately 128 days from today through September 18, 2020, from the

computation of time for a speedy trial under 18 U.S.C. § 3161(c).

        The Speedy Trial Act is "designed to protect a defendant's constitutional right to a

speedy indictment and trial, and to serve the public interest in ensuring prompt criminal

---

        [1]  "[#14]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

        [2] The defendant also seeks the vacurtur of a trial and trial preparation conference. However, counsel never confirmed the dates offered by the court's judicial assistant; thus, those proceedings were never set or calendared.

proceedings." *United States v. Hill*, 197 F.3d 436, 440 (10th Cir. 1999). It requires that

a criminal defendant's trial commence within 70 days after his indictment or initial

appearance, whichever is later.  *See* 18 U.S.C. § 3161(c)(1); *United States v. Lugo*,

170 F.3d 996, 1001 (10th Cir. 1999).  Certain periods of delay are excluded and do not

count toward the seventy-day limit.  *See* 18 U.S.C. § 3161(h)(1)-(9).  Specifically, "the

Act excludes any period of delay 'resulting from a continuance granted by any judge . . .

on the basis of its findings that the ends of justice served by taking such action outweigh

the best interest of the public and the defendant in a speedy trial.'" *Hill*, 197 F.3d at

440-441 (10th Cir. 1999) (quoting 18 U.S.C. § 3161(h)(7)(A)).

For a continuance to qualify as an excludable "ends-of-justice" continuance

under section 3161(h)(7)(A), certain prerequisites must be satisfied.  *Id.* at

441.  First, I must consider the quadripartite factors in section 3161(h)(7)(B):

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice;
>
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by [the Act];
>
> (iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex;
>
> (iv) Whether the failure to grant such a continuance in a case

2

which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B)(i) - (iv).  After considering these factors, I must then set forth, "in the record of the case, either orally or in writing, [my] reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.* § 3161(h)(7)(A).

I am sensitive to and mindful of the teachings of relevant caselaw, including the principles and holdings in *United States v. Williams*, 511 F.3d 1044 (10th Cir. 2007); *United States v. Toombs*, 574 F.3d 1262 (10th Cir. 2009); *United States v. Larson*, 627 F.3d 1198 (10th Cir. 2010); *United States v. Loughrin*, 2013 WL 856577 (10th Cir. 2013); *United States  v. Watson*, 766 F.3d 1219 (10th Cir. 2014); *United States  v. Margheim*, 2014 WL 5462332 (10th Cir. 2014);  *Bloate v. United States*, 599 U.S. 130, 130 S.Ct. 1345, 176 L.Ed.2d 54 (2010); and *United States v. Tinklenberg*, 563 U.S. 647, 131 S.Ct. 2007, 179 L.Ed.2d 1080 (2011).

I have considered the factors which I must under 18 U.S.C. § 3161(h)(7)(B)(i)-(iv).  As required by 18 U.S.C. § 3161(h)(7)(C), I have not predicated my ruling on congestion of the court's calendar or lack of diligent preparation by counsel.

My speedy trial calculation is as follows. The speedy trial clock commenced with filing of the Indictment [#7] on March 12, 2020. This motion was filed on April 6, 2020.

3

Thus, 25 days of the 70 days for a speedy trial have elapsed, leaving 45 days for a speedy trial. Additionally, under 18 U.S.C. § 3161(h)(1)(H), the court used 30 additional days from April 6 , 2020, to May 6, 2020, to take the matter under advisement to receive additional guidance from the AO and the United States District Court for the District of Colorado. Thus, the time from May 6, 2020, through today, May 13, 2020 – an additional seven days – must be subtracted from the 45 days above, leaving 38 days from today for a speedy trial. Adding the 38 days remaining of the initial 70 days to the 90 days now requested by the defendant, results in the request to exclude a total of 128 days from today – or until September 18, 2020.

The motion [#14] is represented to be unopposed by the government.[3]  Thus, the foundational and predicate facts averred in the motion are deemed established, and I need not reiterate them fully here.  Although the motion is ostensibly unopposed, I am not relieved of the responsibility of independently determining the factual and legal propriety of the motion and the concomitant relief requested.  Here, the motion describes in reasonable detail the various factors and circumstances necessitating the exclusion of the additional time requested in this case.

Additionally, I take judicial notice that we are caught in the throes of COVID-19, a deadly and fast spreading world wide pandemic, the first of its kind in more than a century. Due to its unpredictable and intractable circumstances, all of which are beyond the control of the parties and the court, all aspects of managing, scheduling, and

_____

[3]  I may and do rely on the representations of counsel for the defendant  as an officer of the court, subject to any motion for reconsideration based on any credible representation by the government to the contrary.

4

conducting criminal proceedings, including jury trials, have become virtually impossible. The ability of judges, lawyers, litigants, witnesses, jurors, court personnel, and court security officers to appear, assemble, and participate safely together in a courtroom is crippled for now by the dangers inherent to this deadly strain of corona virus. Across the world, this country, and this state, the deadly virus has infected hundreds of thousands and has killed thousands with no clear end yet in sight. Thus, *per force*, the focus of the court should be on balancing the personal safety and medical well-being of all parties in interest who are integrally involved in criminal proceedings in the District of Colorado against the rights of the public and the defendant in a speedy trial..

On the advice of international, national, state, and local health experts, stay-at-home orders with concomitant "social distancing" guidelines are in place. Currently, the United States District Court for the District of Colorado is operating under a series of general orders, including General Order 2020-8, which essentially discourages in court hearings and trials and severely limits public access to our federal courthouses through at least July 6, 2020. The operational rules of many, if not all, federal, state, and local pretrial detention facilities, make secure meetings involving attorneys, clients, investigators, and/or witnesses virtually impossible.

Thus, the totality of relevant circumstances ineluctably causes me to conclude that the failure to exclude at least an additional 90 days from the time for a speedy trial would deprive counsel for the government and defendant the time reasonably necessary for effective   pretrial and trial preparation with the concomitant risk of a miscarriage of justice. Section 3161(h)(7)(B)(i) and (iv). Thus, I conclude ultimately that the ends of justice by excluding at least an additional 90 days from the time otherwise for a speedy trial

5

outweigh the best interests of the public and the defendant in a speedy trial as defined by 18 U.S.C. § 3161(c). Section 3161(h)(7)(A).

**THEREFORE, IT IS ORDERED** as follows:

1. That **Defendant's Unopposed Motion To Vacate the Trial Date And All Current Deadlines, And Exclude 90 Days from the Speedy Trial Act's Computations** [#14] filed April 6, 2020, is granted;

2. That the time from May 13, 2020, through September 18, 2020, shall be excluded under 18 U.S.C. § 3161(h)(7)(A) from the time for a speedy trial under the Speedy Trial Act of 1974;

2. That by separate order this matter shall be set for a status conference to be held before September 18, 2020; and

3. That any party that objects to the foregoing findings, conclusions, or orders shall file its objections by May 22, 2020, or such objections shall be waived.

Dated May 13, 2020, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge