**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Criminal Case No.  20-cr-00090-REB

UNITED STATES OF AMERICA,

Plaintiff,

v.

1.    HUGUES BELLEVUE II,
        a/k/a "Hughes Bellevue",

Defendant.
_____

**DEFENDANT'S UNOPPOSED MOTION TO VACATE**
**ALL CURRENT DEADLINES AND EXCLUDE 120 DAYS FROM THE**
**SPEEDY TRIAL ACT'S COMPUTATIONS**
_____

Hugues Bellevue, II, by and through undersigned court-appointed counsel, hereby moves this court for an Order vacating all current deadlines and excluding 120 days from the Speedy Trial Act's computations, and in support thereof, states as follows:

## I.  PRODECURAL BACKGROUND

1.    On March 12, 2020, a four-count Indictment was filed against Mr. Bellevue, charging distribution of a controlled substance pursuant to 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) (Counts 1, 3, 4), and 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (Count 2).

2.    Counsel filed an Unopposed Motion to Vacate the Trial Date and All Current Deadlines, and Exclude 90 days from the Speedy Trial Act's Computations [Doc. 14] on April 6, 2020.

3.      The Court granted the motion on May 14, 2020 and excluded the time from May 13, 2020 through September 18, 2020.

4.      On June 26, 2020, the Defendant filed a second Unopposed Motion to Vacate the Trial Date and All Current Deadlines, and Exclude 90 days from the Speedy Trial Act's Computations [Doc. 22]. On July 9, 2020, the Court granted that motion [Doc. 23], excluding time between September 18, 2020 and December 18, 2020. As the Court correctly pointed out in that order, additional time may be excluded because of the pendency of motions that toll speedy trial calculations.  *See* 18 U.S.C. § 3161(h)(1)(D), and footnote 2 of this Court's order [Doc. 23.]

## II.  STANDARD FOR CONTINUANCES

5.      18 U.S.C. § 3161(h)(7) authorizes this Court to exclude from the time limitations set forth in the Speedy Trial Act any delay for which the ends of justice served by the delay outweigh the best interest of the public and the defendant in a speedy trial.  18 U.S.C. § 3161(h)(7)(B)(i) provides that a factor for the Court to consider in granting this delay is "[w]hether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice."  An additional factor, set forth in 18 U.S.C. § 3161(h)(7)(B)(iv), is whether failure to grant such a continuance "would deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence."

6.      In evaluating a request for an ends of justice continuance, "the record must clearly establish the district court considered the proper factors at the time such a continuance was granted."  *United States v. Toombs*, 574 F.3d 1262, 1269 (10th Cir.

2009) (quoting *United States v. Gonzalez*, 137 F.3d 1431, 1433 (10th Cir. 1988)).  The record must contain an explanation for why the occurrence of the event identified by the moving party as necessitating the continuance results in the need for additional time. *Id.*, at 1271.  Simply stating the event followed by a conclusory statement that the event necessitates further time does not satisfy the requirements of the Speedy Trial Act.  *Id.*, at 1271-72.

7.      In the similar context of addressing trial continuances, the Tenth Circuit has set forth four factors that the Court should consider.  *See United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987).  According to the Tenth Circuit, the Court should consider:  (1) the diligence of the party requesting the continuance, (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the request for continuance, (3) the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance, and (4) the need asserted for the continuance and the harm that could be suffered as a result of the court's denial of the continuance.  *Id*. No single factor is determinative.  *Id*.

### III.  ARGUMENT

8.      This case meets the criteria set forth in both 18 U.S.C. § 3161(h)(7) and *West*.  Accordingly, Mr. Bellevue requests that this Court vacate current deadlines, and exclude 120 days from the speedy trial calculations.

**A.      This Case Satisfies the Requirements of 18 U.S.C. § 3161(h)(7).**

9.      Failure to grant the continuance in this case will result in a miscarriage of justice and would deny counsel for the Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

10.     According to the Complaint, the Indictment follows an 18-month investigation involving online and conventional undercover activities.[1]  Specifically, there was an investigation into a darknet market place vendor known as "bbhRx2," who was believed by law enforcement to advertise and sell controlled substances via the darknet market places, via an encrypted messaging or chat application in exchange for virtual currency.

11.     Counsel has received over 1,700 pages of discovery to date.  At the time of his arrest, agents seized electronic devises from Mr. Bellevue, including his computer and smartphone, containing voluminous data.  Since our last motion for exclusion of time, the defense has been provided with a 1 terabyte hard drive containing additional electronic discovery from the government on this case. The review of such media is time-consuming, and relaying that information to our client is nearly impossible given the restrictions on access.  This case presents additional challenges given the darkweb aspects of the marketplace, and the cryptocurrency trail in tracking purchases.

12.     A pretrial motion practice in this type of case can be challenging.  Given the search warrants at issue, and breadcrumbs sometimes used to support those warrants, an understanding of the facts underpinning the electronic surveillance in the case can be time consuming to recreate.

13.     In addition, due to the COVID-19 pandemic, counsel is unable to visit his client. We have limited ability to review discovery over the telephone. Attorney-client telephone calls are in high demand, and are not available on a weekly basis, and sometimes they have been scheduled two or three weeks from the date of request.  The

---

[1] Mr. Bellevue has entered a not guilty plea to the Indictment.  The allegations are simply being recited to explain the need for a continuance.

Bureau of Prisons currently is not allowing any visitors to their facilities.  Undersigned counsel was able to confer with Mr. Bellevue over the telephone about his rights under the Speedy Trial Act and this request to exclude time, and Mr. Bellevue was in agreement with its filing.

14.     Mr. Bellevue was arrested in California, where he has lived for almost his entire life. We have engaged an investigator in California to assist us in this case. Investigation is difficult everywhere, including California, in light of COVID-19 restrictions.

15.     Given the volume and nature of the discovery in this case, the defense cannot reasonably review all the discovery, analyze potential defenses and the need for expert witnesses, interview and retain any expert witnesses, confer about these issues with his client, and disclose such witnesses by the current speedy trial deadline dates, let alone any deadline dates imposed by the Court.  To provide effective representation, a continuance of the current deadlines is needed.

16.     If a continuance is not granted, a miscarriage of justice would result, and undersigned counsel would be denied the reasonable time necessary for effective preparation.  In contrast, granting the continuance would enable counsel sufficient time to review discovery, research motions, investigate any potential witnesses, and retain any necessary experts.

### B.  The *West* Factors Support a Continuance of the Trial Date.

17.     First, counsel for Mr. Bellevue has been diligent in pursuing Mr. Bellevue's defense.  Counsel has begun the discovery review, which has been extensive.  Counsel has *not* reviewed most of the discovery with Mr. Bellevue, given the limitations placed

on meeting with Mr. Bellevue by the detention facility during the pandemic (or at least presently).

18.     Second, the continuance, if granted, will accomplish the purpose underlying the request for a continuance.  The defense requests a continuance so that the defense will have sufficient time to review discovery, investigate the case, confer with his client, and research pretrial motions.  The defense believes the 120 days will be sufficient time to complete these tasks.[2]

19.     Third, the inconvenience to the opposing party, the witnesses and the Court will be minimal.  Undersigned counsel has conferred with counsel for the government and the government does not oppose this motion.

20.     Finally, the need for the continuance is great.  The COVID-19 pandemic has made it impossible for counsel to meet with his client in the foreseeable future.  Also, until the discovery has been reviewed, the necessary investigation has been completed, and pretrial motions have been researched, counsel cannot effectively prepare pretrial motions and defend against the pending charges.

21.     Counsel has conferred with AUSA Andrea Surratt and she does not oppose this motion.

WHEREFORE, the defense respectfully requests that this Court issue an order vacating all current deadlines and the trial date and excluding 120 days from the speedy trial time limitations.

---

[2] Due to the effects of the pandemic, it is difficult to know exactly the amount of time needed to effectively prepare the case.  At this point, counsel believes that 120 additional days will be sufficient time to prepare a defense.  The defense reserves the right, however, to request an additional continuance if 120 days proves insufficient even with diligent preparation. The biggest monkey-wrench in these plans is the access to Mr. Bellevue during the pandemic.

Respectfully submitted,

s/ Kevin M. McGreevy
**Kevin M. McGreevy**
RIDLEY, MCGREEVY & WINOCUR, P.C.
303 16th Street, Suite 200
Denver, Colorado  80202
Telephone:  (303) 629-9700
Facsimile:   (303) 629-9702
E-mail:   mcgreevy@ridleylaw.com
**Attorney for Defendant Hugues Bellevue, II**

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing **DEFENDANT'S UNOPPOSED MOTION TO VACATE ALL CURRENT DEADLINES AND EXCLUDE 120 DAYS FROM THE SPEEDY TRIAL ACT'S COMPUTATIONS** was electronically filed with the Clerk of the Court using the CM/ECF system on this 3rd day of November, 2020, which will send notification of such filing to the following e-mail addresses:

Andrea Surratt, AUSA
1225 17th Street, Suite 700
Denver, Colorado  80202

s/ Polly Ashley
Polly Ashley