**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Criminal Case No.  20-cr-00090-REB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

HUGUES BELLEVUE II,

    Defendant.

---

**ORDER EXCLUDING TIME UNDER THE SPEEDY TRIAL ACT
(18 U.S.C. § 3161(h)(7)(A))**

---

**Blackburn, J.**

The matter is before me for consideration and resolution of **Defendant's Unopposed Motion To Vacate All Current Deadlines And Exclude 120 Days from the Speedy Trial Act's Computations** [#24][1] filed November 3, 2020. Quintessentially, the defendant seeks to exclude time under the Speedy Trial Act of 1974, 18 U.S.C. §§ 3161-74 (the Act).  Based on the analysis below, I exclude for now approximately 120 days from December 18, 2020, to March 17, 2020, from the computation of time for a speedy trial under 18 U.S.C. § 3161(c).

The Speedy Trial Act is "designed to protect a defendant's constitutional right to a speedy indictment and trial, and to serve the public interest in ensuring prompt criminal proceedings." ***United States v. Hill***, 197 F.3d 436, 440 (10th Cir. 1999). It requires that a criminal defendant's trial commence within 70 days after his indictment or initial

---

[1]  "[#24]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

appearance, whichever is later.  *See* 18 U.S.C. § 3161(c)(1); ***United States v. Lugo***, 170 F.3d 996, 1001 (10th Cir. 1999).  Certain periods of delay are excluded and do not count toward the seventy-day limit.  *See* 18 U.S.C. § 3161(h)(1)-(9).  Specifically, "the Act excludes any period of delay 'resulting from a continuance granted by any judge . . . on the basis of its findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.'" ***Hill***, 197 F.3d at 440-441 (10th Cir. 1999) (quoting 18 U.S.C. § 3161(h)(7)(A)).

For a continuance to qualify as an excludable "ends-of-justice" continuance under section 3161(h)(7)(A), certain prerequisites must be satisfied.  *Id.* at 441.  First, I must consider the quadripartite factors in section 3161(h)(7)(B):

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice;
>
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by [the Act];
>
> (iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex;
>
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective

preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B)(i) - (iv).  After considering these factors, I must then set forth, "in the record of the case, either orally or in writing, [my] reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial."  *Id.* § 3161(h)(7)(A).

I am sensitive to and mindful of the teachings of relevant caselaw, including the principles and holdings in **United States v. Williams**, 511 F.3d 1044 (10th Cir. 2007); **United States v. Toombs**, 574 F.3d 1262 (10th Cir. 2009); **United States v. Larson**, 627 F.3d 1198 (10th Cir. 2010); **United States v. Loughrin**, 2013 WL 856577 (10th Cir. 2013); **United States v. Watson**, 766 F.3d 1219 (10th Cir. 2014); **United States v. Margheim**, 2014 WL 5462332 (10th Cir. 2014);  **Bloate v. United States**, 599 U.S. 130, 130 S.Ct. 1345, 176 L.Ed.2d 54 (2010); and **United States v. Tinklenberg**, 563 U.S. 647, 131 S.Ct. 2007, 179 L.Ed.2d 1080 (2011).

I have considered the factors which I must under 18 U.S.C. § 3161(h)(7)(B)(i)-(iv).  As required by 18 U.S.C. § 3161(h)(7)(C), I have not predicated my ruling on congestion of the court's calendar or lack of diligent preparation by counsel.

Pursuant to my order [#23], speedy trial is tolled through December 18, 2020.  Based on that order, the court and the parties anticipate holding a status conference before December 18, 2020.  In his motion [#24], the defendant seeks the exclusion of approximately 120 additional days from the speedy trial deadline imposed by the Speedy Trial Act. Exclusion of an additional 120 days for speedy trial would implicate

3

commencement of trial by approximately March 17, 2021.[2]

The motion [#24] is represented to be unopposed by the government.[3]  Thus, the foundational and predicate facts averred in the motion are deemed established, and I need not reiterate them fully here.  Although the motion is ostensibly unopposed, I am not relieved of the responsibility of independently determining the factual and legal propriety of the motion and the concomitant relief requested.  Here, the motion describes in reasonable detail the various factors and circumstances necessitating the exclusion of the additional time requested in this case.

Additionally, I take judicial notice that we are caught in the throes of COVID-19, a deadly and fast spreading world wide pandemic, the first of its kind in more than a century. Due to its unpredictable and intractable circumstances, all of which are beyond the control of the parties and the court, all aspects of managing, scheduling, and conducting criminal proceedings, including jury trials, have become virtually impossible. The ability of judges, lawyers, litigants, witnesses, jurors, court personnel, and court security officers to appear, assemble, and participate safely together in a courtroom is crippled for now by the dangers inherent to this deadly strain of corona virus. Across the world, this country, and this state, the deadly virus has infected hundreds of thousands and has killed thousands with no clear end yet in sight. Thus, *per force*, the focus of the court should be on balancing the personal safety and medical well-being of all parties in

---

[2] I use the term "approximately" advisedly.  As noted, subsequent pretrial motions and/or proceedings may extend further the time for speedy trial because of the exclusionary provisions of 18 U.S.C. § 3161(h).

[3]  I may and do rely on the representations of counsel for the defendant as an officer of the court, subject to any motion for reconsideration based on any credible representation by the government to the contrary.

interest who are integrally involved in criminal proceedings in the District of Colorado against the rights of the public and the defendant to a speedy trial.

On the advice of international, national, state, and local health experts, "social distancing" guidelines are in place along with other guidelines and restrictions. Currently, the United States District Court for the District of Colorado is operating under a series of general orders, including General Order 2020-19, which essentially discourages in court hearings and trials and severely limits public access to our federal courthouses through at least January 8, 2021. The operational rules of many, if not all, federal, state, and local pretrial detention facilities, make secure meetings involving attorneys, clients, investigators, and/or witnesses virtually impossible.

Thus, the totality of relevant circumstances ineluctably causes me to conclude that the failure to exclude at least an additional 120 days from the time for a speedy trial would deprive counsel for the government and defendant the time reasonably necessary for effective pretrial and trial preparation with the concomitant risk of a miscarriage of justice. Section 3161(h)(7)(B)(i) and (iv). Thus, I conclude ultimately that the ends of justice by excluding at least an additional 120 days from the time otherwise for a speedy trial outweigh the best interests of the public and the defendant in a speedy trial as defined by 18 U.S.C. § 3161(c). Section 3161(h)(7)(A).

**THEREFORE, IT IS ORDERED** as follows:

1. That **Defendant's Unopposed Motion To Vacate All Current Deadlines And Exclude 120 Days from the Speedy Trial Act's Computations** [#24], is granted;

2. That the time from December 18, 2020, through March 17, 2021, shall be excluded under 18 U.S.C. § 3161(h)(7)(A) from the time for a speedy trial under the

Speedy Trial Act of 1974;

    3.  That by separate order this matter shall be set for a status conference to be held before March 17, 2021; and

    4.  That any party that objects to the foregoing findings, conclusions, or orders shall file its objections by November 19, 2020, or such objections shall be waived.

    Dated November 9, 2020, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge