**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Criminal Case No. 20-cr-00090-REB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. HUGUES BELLEVUE II,
   a/k/a "Hughes Bellevue",

    Defendant.

**ORDER GRANTING DEFENDANT'S UNOPPOSED MOTION TO VACATE TRIAL
AND EXCLUDE ADDITIONAL TIME FROM THE SPEEDY TRIAL ACT**

**Blackburn, J.**

The matter before me is the **Defendant's Unopposed Motion To Vacate All Current Deadlines and Exclude 90 Days From the Speedy Trial Act's Computations** [#26][1] filed February 10, 2021.  Having considered carefully the motion, the record, and the apposite law, I grant the motion.

Pursuant to my order [#25], speedy trial is tolled through March 17, 2021.  Based on that order, the court and the parties anticipated holding a status conference before March 17, 2021.  In his motion [#26], the defendant seeks the exclusion of approximately 90 additional days from the speedy trial deadline imposed by the Speedy Trial Act of 1974.  Exclusion of an additional 90 days for speedy trial would implicate commencement of trial

---

[1] "[#26]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

by approximately June 15, 2021.[2]  Currently, no trial is set in this case.

The motion implicates the Speedy Trial Act of 1974, codified at 18 U.S.C. §§ 3161-3174 (the "Act").  Specifically, the motion implicates 18 U.S.C. § 3161(h), which provides, in relevant part:

> The following periods of delay shall be excluded . . . in computing the time within which the trial of any such offense must commence:
> . . . .
>
> (7)(A) Any period of delay resulting from a continuance granted by any judge . . . at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A).

The Speedy Trial Act is "designed to protect a defendant's constitutional right to a speedy indictment and trial, and to serve the public interest in ensuring prompt criminal proceedings."  **United States v. Hill**, 197 F.3d 436, 440 (10th Cir. 1999). It requires that a criminal defendant's trial commence within 70 days after his indictment or initial appearance, whichever is later.  *See* 18 U.S.C. § 3161(c)(1); **United States v. Lugo**, 170 F.3d 996, 1001 (10th Cir. 1999).  Certain periods of delay are excluded and do not count toward the seventy-day limit.  *See* 18 U.S.C. § 3161(h)(1)-(9).  Specifically, "the Act excludes any period of delay 'resulting from a continuance granted by any judge . . . on the basis of its findings that the ends of justice served by taking such

---

[2] I use the term "approximately" advisedly.  Ninety days beginning from March 17, 2021, is June 15, 2021.  However, the pendency of this motion and other proceedings may extend the time for speedy trial beyond June 15, 2021, because of the automatic exclusionary provisions of 18 U.S.C. § 3161(h)(1)(D) for pretrial motions.

action outweigh the best interest of the public and the defendant in a speedy trial.'" **Hill**, 197 F.3d at 440-441 (10th Cir. 1999) (quoting 18 U.S.C. § 3161(h)(7)(A)).

For a continuance to qualify as an excludable "ends-of-justice" continuance under section 3161(h)(7)(A), certain prerequisites must be satisfied. *Id.* at 441. First, I must consider the quadripartite factors in section 3161(h)(7)(B):

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice;
>
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by [the Act];
>
> (iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex;
>
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B)(i) - (iv).  After considering these factors, I must then set forth, "in the record of the case, either orally or in writing, [my] reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.* § 3161(h)(7)(A).

3

The motion [#26] is represented to be unopposed by the government.[3]  Thus, the foundational and predicate facts averred in the motion are deemed established, and I need not reiterate them fully here.  Although the motion is ostensibly unopposed, I am not relieved of the responsibility of independently determining the factual and legal propriety of the motion and the concomitant relief requested.

The motion describes in reasonable detail the various factors and circumstances necessitating the exclusion of the time requested in this case.  The defendant notes the myriad ways in which the COVID-19 health crisis currently afflicting the United States, the State of Colorado, and the District of Colorado has impeded his abilities to prepare the case for trial.  The problems summarized in the motion impair substantially defendants' ability to prepare effectively for trial.  These include, but are not necessarily limited to, interviewing witnesses (including the defendant), obtaining and reviewing relevant documents, reviewing voluminous and complex discovery, and otherwise investigating the case.  I adopt and incorporate the facts and circumstances summarized in the motion as my findings of fact.

As always, I rely on the considerable professional experience and judgment of counsel. Additionally, I am sensitive to and mindful of the teachings of relevant caselaw, including the principles and holdings in **United States v. Williams**, 511 F.3d 1044 (10th Cir. 2007); **United States v. Toombs**, 574 F.3d 1262 (10th Cir. 2009); **United States v. Larson**, 627 F.3d 1198 (10th Cir. 2010); **United States v. Loughrin**, 2013 WL 856577 (10th Cir. 2013); **United States  v. Watson**, 766 F.3d 1219 (10th Cir. 2014); **United**

---

[3]  I may and do rely on the representations of counsel for the defendant as an officer of the court, subject to any motion for reconsideration based on any credible representation by the government to the contrary.

4

*States v. Margheim*, 2014 WL 5462332 (10th Cir. 2014); *Bloate v. United States*, 599 U.S. 130, 130 S.Ct. 1345, 176 L.Ed.2d 54 (2010); and *United States v. Tinklenberg*, 563 U.S. 647, 131 S.Ct. 2007, 179 L.Ed.2d 1080 (2011).

Based on the relevant record considered as a whole, I find it would be unreasonable to expect adequate preparation by counsel for the defense, despite due diligence, for pretrial or trial proceedings within the time allowed under 18 U.S.C. § 3161(c), as extended my previous orders [#21, #23, & #25].].  I have considered the factors which I must under 18 U.S.C. § 3161(h)(7)(B)(i)-(iv).  As required by 18 U.S.C. § 3161(h)(7)(C), I have not predicated my ruling on congestion of the court's calendar or lack of diligent preparation by counsel.  Accordingly, I conclude as follows:

(1)  That failure to grant a continuance of trial beyond the time prescribed by 18 U.S.C. § 3161(c) as extended by my previous orders would likely result in a miscarriage of justice within the meaning of 18 U.S.C. § 3161(h)(7)(B)(i);

(2) That the issues raised by and inherent to COVID-19 and their concomitant adverse impact on prosecuting and trying criminal cases render the case unusual and complex within the meaning of § 3161(h)(7)(B)(ii), warranting and necessitating the exclusion of the additional time now under consideration;

(3) That the factor at § 3161(h)(7)(B)(iii) is inapposite, obviating the necessity for further judicial analysis;

(4)  That even considering due diligence, failure to grant the motion would deny counsel for the defendant the reasonable time necessary for effective pretrial and trial preparation within the meaning of 18 U.S.C. § 3161(h)(7)(B)(iv);

(5)  That within the meaning of 18 U.S.C. § 3161(h)(7)(A), the ends of justice

served by granting the motion outweighs the best interests of the public and the defendant in a speedy trial as defined by 18 U.S.C. § 3161(c)(1), even as extended by the previous orders of this court;

(6)  That for now the time from and including March 17, 2021, through and including June 15, 2021, should be excluded from the computation of the time for speedy trial; and

(7) That by separate order(s) the court will schedule a status conference before June 15, 2021, and may establish the deadlines for filing pretrial motions and corresponding responses; the deadlines for disclosing information about expert witnesses; a trial; and a trial preparation conference.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Defendant's Unopposed Motion To Vacate All Current Deadlines and Exclude 90 Days From the Speedy Trial Act's Computations** [#26] is granted;

2. That the time from and including March 17, 2021, through and including June 15, 2021, shall be excluded from the computation of speedy trial under 18 U.S.C. § 3161(c);

3. That the requirement that a status conference be held before March 17, 2021, as stated in my prior order [#25], is vacated;

4. That by separate order(s) the court will schedule a status conference before June 15, 2021, and may establish the deadlines for filing pretrial motions and corresponding responses; the deadlines for disclosing information about expert witnesses; a trial; and a trial preparation conference;

5. That the defendant shall remain in pretrial detention; and

6.  That any party that objects to the foregoing findings, conclusions, or orders shall file its objections by March 28, 2021, or such objections shall be waived.

Dated March 16, 2021, at Denver, Colorado.

**BY THE COURT:**

*Bob Blackburn*
Robert E. Blackburn
United States District Judge