IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 20-cr-00090-REB

UNITED STATES OF AMERICA,

Plaintiff,

v.

1. HUGUES BELLEVUE II,
   a/k/a "Hughes Bellevue",

Defendant.

_____

**DEFENDANT'S MOTION FOR DOWNWARD DEPARTURE**
_____

Hugues Bellevue, II, by and through counsel, hereby moves this Court for a downward departure pursuant to U.S.S.G. § 4A1.3(b). As grounds, Mr. Bellevue states as follows:

1. The Presentence Investigation Report ("PSIR") [Doc. 37] in this case calculates Mr. Bellevue's criminal history as a category III based on five criminal history points. [Doc. 37, ¶ 101]. We do not dispute the accuracy of the calculation, but assert that the "reliable information indicates that the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes, a downward departure may be warranted." U.S.S.G. § 4A1.3(b).

2. In Mr. Bellevue's history, he was charged with a driving under suspended license, a misdemeanor traffic offense. In the throes of his addiction, he missed his court appearance. He was then charged in California law for failure to appear. Ultimately, he pled guilty to failure to appear, and the driving under a suspended license

was dismissed. He was placed on two-year's probation for failure to appear. For this offense, he received one criminal history point. Because he was placed on probation, and the indictment in this case began during the period of that probation, he received an additional two criminal points. [Doc. 37, ¶ 98-100.]  As such, he is calculated to have five criminal history points, placing him in category III of the sentencing guidelines. If he received one or zero points for this incident, he would be placed in Category II, with a total of two or three criminal history points.

      3.      The United States Court of Appeals for the Tenth Circuit has afforded this Court broad discretion in determining downward departures for criminal history categories that over-represent the seriousness of the prior offenses. In *United States v. Rodriguez-Ramirez*, Mr. Rodriguez-Ramirez requested consideration of U.S.S.G. § 4A1.3(b) for over-representation of his criminal history category. Although he did not dispute the PSIR's calculation of his criminal history score, he argued that a criminal history category of IV significantly over-represented the seriousness of his criminal history, and requested that the district court place him in a criminal history category of III, which would reduce the applicable Guidelines range to 10-16 months. Mr. Rodriguez-Ramirez had three prior convictions for illegal entry and was assessed six criminal history points for these convictions. He was assessed two additional points for being released from custody within two years of committing the instant offense. Thus, he effectively received four criminal history points for his last illegal entry, which he claimed over-represented his prior criminal conduct. At sentencing, the government agreed that Mr. Rodriguez-Ramirez's requested downward departure was appropriate. The district court granted the § 4A1.3(b) downward departure and, after considering the

18 U.S.C. § 3553(a) factors, sentenced Mr. Rodriguez-Ramirez to 10 months' imprisonment.  *United States v. Rodriguez-Ramirez*, 271 F. App'x 813, 814 (10th Cir. 2008)

4. For Mr. Bellevue, the parties believe his accurate offense level is 29. If this Court grants our motion for downward departure, the guideline range for offense level 29, criminal history category II, is 97-121 months. Mr. Bellevue, along with the probation department, is seeking a variant sentence that in all likelihood makes this issue practically moot. Nevertheless, we believe the appropriate guideline calculation is 97-121 months.

Respectfully submitted,

*s/ Kevin M. McGreevy*
**Kevin M. McGreevy**
RIDLEY, MCGREEVY & WINOCUR, P.C.
303 16th Street, Suite 200
Denver, Colorado  80202
Telephone:  (303) 629-9700
Facsimile:   (303) 629-9702
E-mail:   mcgreevy@ridleylaw.com
**Attorney for Defendant Hugues Bellevue, II**

### CERTIFICATE OF SERVICE

I hereby certify that the foregoing **DEFENDANT'S MOTION FOR DOWNWARD DEPARTURE** was electronically filed with the Clerk of the Court using the CM/ECF system on this 4th day of November, 2021, which will send notification of such filing to the following e-mail addresses:

Andrea Surratt, AUSA
1225 17th Street, Suite 700
Denver, Colorado  80202

*s/ Polly Ashley*
Polly Ashley